# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| AL WELCH ) | |
| ) | |
| ) | Case No. CV414-231 |
| v. ) | CR410-159 |
| ) | |
| UNITED STATES OF AMERICA ) | |

## REPORT AND RECOMMENDATION

Al Welch moves this Court for 28 U.S.C. § 2255 relief. CR410-159, doc. 782. The February 21, 2012 judgment against him shows that he pled guilty to drug conspiracy charges and was sentenced to 188 months. Doc. 618 at 1-2. His plea agreement waived his right to direct appeal and collateral review, except for reasons he does not cite here.[1] Consistent

---

[1] This "double waiver" was set forth in the following paragraph:

> **LIMITED WAIVER OF APPEAL.** To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in *any* post-conviction proceeding, *including* a § 2255 proceeding, on *any* ground, except that: the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of the sentence.

Doc. 617 at 6-7 (emphasis added).

with his double waiver, *see supra* n. 1, Welch did not file a direct appeal.[2]
Over two years later, he *pro se* filed the instant § 2255 motion. Doc. 782.

Upon preliminary review under 28 U.S.C. § 2255 Rule 4(b), it must be denied as time-barred. A § 2255 motion is timely if filed within a year of the date that a conviction becomes final. 28 U.S.C. § 2255(f). Since Welch did not appeal, his conviction became final 14 days after his February 21, 2012 judgment of conviction. Fed. R. App. P. 4(b)(1)(A) (criminal defendant has fourteen days to file appeal); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction

---

[2] Welch says he "asked his counsel to appeal, but counsel neglect[ed] to do so, and eluded Mr. Welch . . . . to prevent him from doing so." Doc. 783 (his supporting brief) at 2 (ellipsis original). But in response to his § 2255 form motion's preprinted question whether he appealed and if not, why not, Welch wrote: "COUNSEL ERRONEOUSLY ADVISE[D] ME NOT TO DO SO." Doc. 782 at 4.

Welch raises ineffective assistance of counsel ("IAC") claims against that appointed lawyer, T. Daniel Tucker. Docs. 782 & 783. And the record contains no "Notice of Post-Conviction Consultation Certification" (Notice) -- something routinely filed in cases before this Court. *See, e.g., United States v. Mills*, CR614-017, doc. 18 (S.D. Ga. Oct. 16, 2014). As explained in *Eason v. United States*, 2014 WL 4384652 (S.D. Ga. Sept. 3, 2014), and *Ortega v. United States*, 2014 WL 3012657 (S.D. Ga. July 2, 2014), lawyers generally have a duty to consult with their client about taking a direct appeal, even in appeal-waiver cases. *See Ortega*, 2014 WL 3012657 at *1 n. 2 (collecting cases). The Notice memorializes that consultation and reflects each's defendant's written election to appeal or not. But Welch is *not* raising an IAC claim against Tucker for failing to file an appeal. Doc. 782 at 4-11; doc. 783. Even if he did, it would be untimely for the reasons set forth above.

becomes final when the time for seeking that review expires."); *Stokes v. United States*, 2014 WL 5198746 at * 1 (M.D. Ala. Oct. 14, 2014).

Welch reasons that the one-year clock should be stopped (hence, he impliedly argues, equitably tolled),[3] because he only "recently learned that he was a victim of ineffective assistance of counsel." Doc. 782 at 12. Tucker, he now realizes, should have but failed to challenge the use of an "*Alford* plea conviction" to enhance Welch's sentence here. Doc. 783 at 4-6. Because Welch did not appreciate the existence of this claim until now, he reasons that he is relying upon, "newly discovered evidence." Doc. 782 at 12.

---

[3] As has been explained,

> [t]he one-year limitations period is subject to equitable tolling, which applies when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation marks omitted). Equitable tolling is an "extraordinary remedy" reserved for "rare and exceptional circumstances." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted). To establish entitlement to equitable tolling, a petitioner must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010) (quotation marks omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

*Gillman v. Sec'y, Fla Dept. of Corr.*, 576 F. App'x 940, 943 (11th Cir. 2014).

What Welch in actuality discovered, however, is that he was ignorant of what he now believes to be a viable § 2255 claim. But lack of legal sophistication (hence, not appreciating the value of a claim until it's too late) simply does *not* stop the one-year clock. *See, e.g., Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (lack of education and related confusion or ignorance about the law did not excuse untimely petition or equitably toll one-year limitations period); *Frye v. Williams*, 2014 WL 1668127 at * 2 (S.D. Ga. Apr 25, 2014).

Welch's § 2255 motion therefore must be **DENIED** as time-barred. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMMENDED** this 10th day of November, 2014.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4